IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Civ. Action No. |
| THE MEGUNTICOOK FUND L.P., | ) 05 - 11677 DPW |
| Defendant. | ) |

MAGISTRATE JUDGE RBC

## COMPLAINT FOR RECEIVERSHIP AND INJUNCTION

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§687(d), 687c, 687h; the Small Business Act, 15 U.S.C. §634(b)(1); and 28 U.S.C. §1345.

3. Defendant, the Megunticook Fund, LP (hereinafter "the Fund" or "Licensee"), is a Delaware limited partnership formed in January 29, 1999 that maintains its principal place of business at 143 Newbury Street, 6th Floor, Boston, Massachusetts,

02116. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. §1391(b).

## Statutory and Regulatory Framework

4. The Fund was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. §681(c) on September 29, 1999, SBA License No. 01/71-0376, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. The Fund's sole general partner is Megunticook Partners, LLC, a Massachusetts limited liability corporation.

6. The Fund's SBIC License Application contains an acknowledgement by the Fund that the SBIC would be operated in accordance with the Regulations and the Act at all times.

7. Section 308(c) of the Act, 15 U.S.C. §687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

8. Section 303 of the Act, 15 U.S.C. §683, authorizes SBA to provide leverage to licensed SBICs.

9. Pursuant to Section 303 of the Act, 15 U.S.C. §683, SBA provided funds to the Fund through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total principal amount of $31,700,000.00 as follows:

a. No. 02029051-08 in the amount of $10,000,000 disbursed on 11/15/99;
b. No. 02029052-06 in the amount of $8,000,000 disbursed on 3/10/00;

c. No. 02029053-04 in the amount of $6,700,000 disbursed on 7/14/00;
d. No. 02029054-02 in the amount of $2,500,000 disbursed on 12/20/00;
e. No. 02029055-00 in the amount of $750,000 disbursed on 4/25/01;
f. No. 02029056-09 in the amount of $1,500,000 disbursed on 7/27/01;
g. No. 02029057-07 in the amount of $1,150,000 disbursed on 1/25/02;
h. No. 02029058-05 in the amount of $1,100,000 disbursed on 5/24/02.

10. The Participating Securities described in paragraph 9, above, are subject to and incorporated by reference in the Regulations, including but not limited to the provision of 13 C.F.R. §§107.1820-1850 and §107.507.

11. Section 308(d) of the Act, 15 U.S.C. §687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as the Fund may be forfeited and the company may be declared dissolved.

12. Section 311 of the Act, 15 U.S.C. §687c, provides that if a determination by SBA that a Licensee such as the Fund, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

## CAPITAL IMPAIRMENT

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. Section §107.1830(c) of the Regulations requires that the Fund not have a condition of Capital Impairment of greater than 60%, as that term is defined under the Regulations. The Regulations also provide that, as an exception, for the first forty-eight (48) months following the first issuance of Participating Securities an SBIC such as the Fund is not considered capitally impaired if their capital impairment percentage is below 85%.

15. Based on the SBA Form 468 submitted by the Fund for the period ending September 30, 2001, SBA determined that the Fund had a condition of Capital Impairment percentage, as that term is defined under the Regulations, of 91%.

16. By letter dated April 11, 2002, SBA notified the Fund that SBA was placing the Fund into Restrictive Operations, pursuant to 13 C.F.R. § 107.1820(e)(3), and was imposing Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f).

17. As a further consequence of its condition of capital impairment, by letter dated September 19, 2002, the Fund was notified that it was being transferred to liquidation status by SBA.

18. Based on an SBA Form 468, Statement of Financial Position, for the period ending June 30, 2004 provided by the Fund, SBA determined that the Fund's Capital Impairment ratio has increased to 216%.

19. To date, the Fund has failed to cure its condition of Capital Impairment and the entire principal balance of Participating Securities purchased by SBA remains outstanding, totaling $31,700,000.00.

20. The Fund's failure to cure its condition of Capital Impairment is a violation of §107.1830(b) of the Regulations.

21. The Fund's non-compliance with its terms of Leverage under 13 C.F.R. §107.1830(b) is also a violation of Section 13 C.F.R. §107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities and nonperformance of its Application for SBIC License, which is a written agreement with SBA.

22. SBA has determined that the Fund is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is in violation of the Regulations, 13 C.F.R. §§107.1830(b) and 507(a).

23 As a consequence of the Fund's violation of 13 C.F.R. §§107.1830(b) and 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §687(d) and 687c, including the appointment of SBA as Receiver of the Fund.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining the Fund, its managers, general partners, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of any funds or assets of the Fund; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of the

Fund, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate the Fund's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. §687c (1) take exclusive jurisdiction of the Fund and all of its assets, wherever located, (2) appoint SBA as receiver of the Fund for the purpose of marshaling and liquidating the assets of the Fund, satisfying the claims of creditors as determined by the Court and authorize SBA as Receiver to sell or transfer the interest of SBA and/or other limited partners in the Fund provided the express written consent of the affected parties whose interest is to be sold or transferred is obtained; and (3) grant such other relief as contained in the Consent Order filed simultaneously herewith.

D. That this Court grant such other relief it deems just and proper.

Respectfully submitted,
MICHAEL SULLIVAN
UNITED STATES ATTORNEY

Dated: 8-12-05

By: [signature]

Rayford Farquhar, Esq.
Assistant United States Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
Telephone: (617) 748-3100
Facsimile: (617) 748-3971
Email: rayford.farquhar@usdoj.gov

U.S. SMALL BUSINESS ADMINISTRATION

Dated: 8-12-05

By: Arlene M. Embrey (R.A.F.)

Arlene M. Embrey, Esq.
Trial Attorney
U.S. Small Business Administration
409 Third Street, Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324
Email: arlene.embrey@sba.gov